UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEVIN THOMAS RAFTERY,

      Plaintiff,

v.                                                                                          Case No: 8:16-cv-353-T-27JSS

VERMONT STUDENT ASSISTANCE
CORPORATION,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on pro se Plaintiff's Affidavit of Indigency, which the Court construes as a Motion for Leave to Proceed *in Forma Pauperis*, and Plaintiff's Complaint. (Dkts. 1, 2).  For the reasons that follow, the Court recommends that Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* be denied without prejudice and that Plaintiff's Complaint be dismissed without prejudice, with leave to file an amended complaint.

Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security.  28 U.S.C. § 1915(a)(1).  A court's decision to grant *in forma pauperis* status is discretionary.  *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983).  When considering a motion filed under Section 1915(a), "'[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'"  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)).  However, when an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the court determines that the action is frivolous or malicious, fails to state a claim on

which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Here, Plaintiff has filed an affidavit of indigency, but the affidavit is not notarized as required by the form.  The affidavit of indigency is also incomplete, as Plaintiff left many of the questions blank.  For example, Plaintiff alleges that he received a refund from Defendant for $21,130.19, yet this amount is not shown in the affidavit.  The affidavit also fails to include Plaintiff's monthly living expenses besides a monthly rent payment and fails to include the specifics of his employment, such as whether he is currently employed, how long he was employed by his previous employer, and the date of last employment.  Plaintiff further fails to provide a dollar amount of money he alleges he contributes to his dependents' support on a monthly basis. Given the absence of this information, the Court is unable to make a determination regarding Plaintiff's financial status.

Additionally, upon review of Plaintiff's Complaint, it is unclear whether the Court has jurisdiction over Plaintiff's claims.  Although pleadings drafted by pro se litigants are liberally construed, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), they must still "conform to procedural rules."  *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).  Under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction."  Fed. R. Civ. P. 8(a)(1).  A federal court may raise jurisdictional issues on its own initiative at any stage of litigation, and the court may dismiss a complaint for lack of subject-matter jurisdiction based on the complaint alone.  *Butler v. Morgan*, 562 F. App'x 832, 834 (11th Cir. 2014).

Subject matter jurisdiction in a federal court may be based on either federal question jurisdiction or diversity jurisdiction.  *Walker v. Sun Trust Bank of Thomasville, Ga.*, 363 F. App'x

11, 15 (11th Cir. 2010).  Diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000.  28 U.S.C. § 1332.  When federal jurisdiction is invoked based on diversity, the plaintiff's complaint must "include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013).

Federal question jurisdiction exists in a civil action "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  When federal jurisdiction is invoked based on a federal question, the plaintiff must plead a cause of action created by federal law, such as a violation of a federal statute, or state law claims that implicate significant federal issues.  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).  As such, a federal court lacks federal question jurisdiction over claims that arise solely under state law, such as state common law claims for breach of contract, fraud, and misrepresentation.  *Laurent v. U.S. Tr.*, 196 F. App'x 740, 743 (11th Cir. 2006).

In this matter, Plaintiff seeks to recover payments he made to Defendant, Vermont Student Assistance Corp., a public non-profit agency that provides grants and loans, for federal education loans that were discharged due to Plaintiff's total and permanent disability status.  (Dkt. 1.) Plaintiff alleges that he was refunded only a portion of the amount he paid and is thus owed additional payments.  (Dkt. 1.)  However, Plaintiff does not allege a basis on which this Court has jurisdiction over his claims.  Accordingly, Plaintiff is required to file an amended complaint that alleges facts demonstrating the existence of jurisdiction and includes a short and plain statement of the grounds on which the Court's jurisdiction rests.  *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994); *see also Butler*, 562 F. App'x at 835 (stating that a district court must grant a plaintiff at least one opportunity to amend his or her complaint before dismissal, even if the

plaintiff never seeks leave to amend, if it appears that the filing of an amended complaint might cure the deficiency).  Accordingly, it is

**RECOMMENDED**:

1.  Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Dkt. 2) be **DENIED** without prejudice.

2.  Plaintiff be required to either pay the filing fee to continue this action or file a notarized Affidavit of Indigency and a signed Application to Proceed in District Court without Prepaying Fees or Costs within fourteen (14) days of this Order.[1]

3.  Plaintiff's Complaint (Dkt. 1) be **DISMISSED** without prejudice, with leave to file an amended complaint setting forth the basis for the Court's jurisdiction.

**IT IS SO REPORTED** in Tampa, Florida on February 17, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

---

[1] These forms, listed as "Affidavit of Indigency" and "Application to Proceed without Prepayment of Costs – Long Form," can be found at the "Forms" section, "General" subsection, of this Court's website at http://www.flmd.uscourts.gov.  If Plaintiff does not have access to the Internet to download this form, Plaintiff may obtain the form by contacting the Clerk's Office at 813-301-5400.

Copies furnished to:
The Honorable James D. Whittemore
Counsel of Record
Unrepresented Party